suspected of or apprehended for at the time he/she was solicited
to gather information on behalf of the United States, the

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> ) <br> v. ) <br> ) <br> JONATHAN DELEON ) <br> ) | CR. NO. 04-10048-NG |

## MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANTS

Now comes the defendant and moves this Honorable Court to enter an order directing the government to furnish his counsel with the name(s), address(es), telephone number(s) and present location(s) of any informant(s) including government agents or individuals cooperating with the government, paid or unpaid, of any government agency or unit, who supplied information or performed any role whatsoever which formed the background for, or resulted in, the arrest of defendant, or any co-defendants herein, and further moves this Court for an Order directing the government to furnish him with the following:

1. Whether any or each of the above named individuals was or is an agent of the United States or the several states, or any other governmental unit, and specifically whether he/she is an agent of or in the employ of or acting on the behalf of the United States or the several states, or any other governmental unit in any of her/his dealings with the defendant leading up to or is the actual commission of the alleged criminal acts charged in the indictment.

2. If the answer to number (1) is affirmative, state:

(a) Whether or not such agent of the United States, the several states, or any other governmental unit was suspected of or apprehended for the commission of any crimes at the time he was solicited to gather information on behalf of the United States, the several states, or any other governmental unit;

8. The exact nature of each threat of prosecution made to the individuals named in answer Number 7, above.

9. The name of the government agent or agents who actually communicated such threat as well as where such threat was communicated and the date and time of such threat.

10. The criminal record of any cooperating individual or confidential informant whether or not the government intends to call at trial.

11. Information tending to show bias and/or prejudice on the part of any cooperating individual or confidential informant whether the government intends to call said person to give testimony at the trial of this matter or not.

12. Information tending to show that any cooperating individual or confidential informant has made contradictory and/or inconsistent statements relative to this case, or to the defendant, or to any related case.

13. Information tending to show that any cooperating individual or confidential informant suffers from any material defect in perception, memory, veracity or articulation.

14. Information tending to show that any cooperating individual or confidential informant may have at any time failed to identify the defendant positively.

15. If the government so relied on any informant, then the attorney for the United States should be ordered to furnish to defense counsel a written memorandum of the government's position of the role of each informant and each cooperating individual in respect to each count of the indictment, specifically but not limited to, whether the informants or cooperating individuals participated in any of the offenses alleged in the indictment, whether they were present at the scene where the government claims each offense occurred, and as to Count I, whether they were present at the scene where any acts were committed which the government claims were in furtherance o~ conspiracy charged in Count I, and whether they helped to set up or establish the crimes charged in the indictment.

16. Should the court require the attorney for the government to name the informants, then it should further order:

(a) That the attorney for the government produce the informants for a private interview with defense counsel; and

(b) That should the government fail to give defense counsel the names and addresses of the all informants or cooperating individuals, or to produce them for the aforementioned interview, that the indictment herein against the defendant be dismissed.

17. Defendant further prays this Court direct the United States Attorney to file a sworn statement with this Court setting out what precautions the United States has taken to preserve the testimony of such informant(s).

The Defendant<br>
By his Attorney<br>
<br>
*James B. Krasnoo*<br>
James B. Krasnoo<br>
Law Offices of James B. Krasnoo<br>
23 Main Street<br>
Andover, MA 01810<br>
(978) 475-9955<br>
BBO# 279300

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail/hand on 6/25, 2004.

*James B. Krasnoo*<br>
James B. Krasnoo

4