UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 04-10048-NG |
| ) | |
| V. ) | |
| ) | VIOLATIONS: |
| (1) RICARDO ROSARIO ) | 21 U.S.C. § 846 -- |
|     A/K/A "KING BND," ) | Conspiracy to |
| (2) GIECLIFF RODRIGUEZ, ) | Distribute Cocaine |
|     A/K/A "KING BEAR," ) | |
| (3) JONATHAN DELEON, ) | 21 U.S.C. § 841(a)(1) -- |
|     A/K/A "KING DANGER," ) | Distribution of Cocaine |
|     A/K/A "KING JONATHAN" ) | |
| ) | 18 U.S.C. § 2 -- |
| ) | Aiding and Abetting |
| ) | |
| ) | 18 U.S.C. §924(c) |
| ) | Carrying and Using a |
| ) | firearm during and |
| ) | in relation to a |
| ) | drug trafficking crime |
| ) | |
| ) | 21 U.S.C. §853 -- |
| ) | Criminal Forfeiture |
| ) | Allegation |

**FIRST SUPERSEDING INDICTMENT**

**COUNT ONE:**   (21 U.S.C. § 846 -- Conspiracy To Distribute Cocaine)

The Grand Jury charges that:

From a time unknown to the Grand Jury, but at least by in or about October, 2003, and continuing thereafter until in or about February, 2004 in Lawrence, Lowell, and elsewhere in the District of Massachusetts,

(1) RICARDO ROSARIO, A/K/A "KING BND,"
(2) GIECLIFF RODRIGUEZ, A/K/A "KING BEAR," AND
(3) JONATHAN DELEON, A/K/A "KING DANGER," A/K/A "KING JONATHAN,"

the defendants herein, did knowingly and intentionally conspire

and agree with each other, with Carmelo Rodriguez and with other persons unknown to the Grand Jury to possess with intent to distribute, and to distribute, a quantity of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

The Grand Jury further charges that the conspiracy described herein involved at least 500 grams of a mixture or a substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841 (b)(1)(B).

All in violation of Title 21, United States Code, Section 846.

<u>COUNT TWO</u>:      **(21 U.S.C. § 841(a)(1) -- Distribution of Cocaine;
18 U.S.C. §2 -- Aiding and Abetting)**

The Grand Jury further charges that:

On or about October 3, 2003, at Lawrence in the District of Massachusetts,

**(1) RICARDO ROSARIO, A/K/A "KING BND,"**

the defendant herein, did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT THREE**:   (21 U.S.C. § 841(a)(1) -- **Distribution of Cocaine;**
                    18 U.S.C. §2 -- **Aiding and Abetting**)

The Grand Jury further charges that:

On or about October 24, 2003, at Lawrence in the District of Massachusetts,

**(1) RICARDO ROSARIO, A/K/A "KING BND,"**

the defendants herein, did knowingly and intentionally possess with intent to distribute and distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT FOUR**:   (21 U.S.C. § 841(a)(1) -- Distribution of Cocaine;
                  18 U.S.C. §2 -- Aiding and Abetting)

The Grand Jury further charges that:

On or about October 30, 2003, at Lowell and Lawrence in the District of Massachusetts,

**(2) GIECLIFF RODRIGUEZ, A/K/A "KING BEAR,"**

the defendant herein, did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT FIVE:**     (21 U.S.C. § 841(a)(1) -- **Distribution of Cocaine;**
                    18 U.S.C. §2 -- **Aiding and Abetting**)

The Grand Jury further charges that:

On or about November 1, 2003, at Lowell and Lawrence in the District of Massachusetts,

**(2) GIECLIFF RODRIGUEZ, A/K/A "KING BEAR,"**

the defendant herein, did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT SIX:**      **(18 U.S.C. § 924(c)(1) - Using and Carrying a Firearm During a Drug Trafficking Crime)**

The Grand Jury further charges that:

On or about November 1, 2003, at Lawrence and Lowell in the District of Massachusetts,

**(2) GIECLIFF RODRIGUEZ, A/K/A "KING BEAR,"**

the defendant herein, used and carried a firearm during and in relation to a drug trafficking crime, to wit, distributing a quantity of cocaine and aiding and abetting the distribution of quantity of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §2, as charged in Count Six of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1).

**COUNT SEVEN**:     (21 U.S.C. § 841(a)(1) -- **Distribution of Cocaine;**
                     18 U.S.C. §2 -- **Aiding and Abetting**)

The Grand Jury further charges that:

On or about November 4, 2003, at Lowell and Lawrence in the District of Massachusetts,

### (2) GIECLIFF RODRIGUEZ, A/K/A "KING BEAR,"

the defendant herein, did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT EIGHT**:   (21 U.S.C. § 841(a)(1) -- **Distribution of Cocaine**;
            18 U.S.C. §2 -- **Aiding and Abetting**)

The Grand Jury further charges that:

On or about November 18, 2003, at Lowell in the District of Massachusetts,

**(2)GIECLIFF RODRIGUEZ, A/K/A "KING BEAR,"**

the defendant herein, did knowingly and intentionally possess with intent to distribute a quantity of cocaine and did distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT NINE:**     (21 U.S.C. § 841(a)(1) -- **Distribution of Cocaine;**
                    18 U.S.C. §2 -- **Aiding and Abetting)**

The Grand Jury further charges that:

On or about December 9, 2003, at Lowell and Lawrence in the District of Massachusetts,

**(3) JONATHAN DELEON, A/K/A "KING DANGER," A/K/A "KING JONATHAN,"**

the defendant herein, did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT TEN:**         (21 U.S.C. § 841(a)(1) -- **Distribution of Cocaine;**
                      18 U.S.C. §2 -- **Aiding and Abetting)**

The Grand Jury further charges that:

On or about January 2, 2004, at Lawrence in the District of Massachusetts,

**(1) RICARDO ROSARIO, A/K/A "KING BND,"**

the defendant herein, did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT ELEVEN**: (21 U.S.C. § 841(a)(1) -- **Distribution of Cocaine;**
          18 U.S.C. §2 -- **Aiding and Abetting**)

The Grand Jury further charges that:

On or about January 5, 2004, at Lowell in the District of Massachusetts,

**(2) GIECLIFF RODRIGUEZ, A/K/A "KING BEAR,**

the defendant herein, did knowingly and intentionally distribute a quantity of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

## (21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the offenses alleged in Counts 1 through 11 of this Indictment,

       (1) RICARDO ROSARIO, A/K/A "KING BND,"
     (2) GIECLIFF RODRIGUEZ, A/K/A "KING BEAR," AND
 (3) JONATHAN DELEON, A/K/A "KING DANGER," A/K/A "KING JONATHAN,"

defendants herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations.

2. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendants --

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL,

_____
FOREPERSON OF THE GRAND JURY

_____
JOHN A. WORTMANN, JR.
PETER K. LEVITT
ASSISTANT U.S. ATTORNEYS

DISTRICT OF MASSACHUSETTS					June 29th, 2004

   Returned into the District Court by the Grand Jurors and filed.

								_____
								Deputy Clerk
								3:04p

-15-