UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO. 04-10048 NG |
| ) | |
| v. ) | |
| ) | |
| JONATHAN DELEON ) | |
| ) | |

**MOTION TO DISMISS AND/OR STRIKE SURPLUSAGE**

Defendant Jonathan Deleon hereby requests the Court dismiss and/or strike surplusage from the superseding indictment in the above matter on the grounds it is prejudicial, and assigns as reasons therefore the following:

1. In or about December, 2003, a confidential informant, posing as a buyer, contacted Carmelo Rodriguez and asked to buy drugs from Rodriguez.

2. Rodriguez told the informant to contact Jonathan Deleon. Rodriguez further told the person that he and Deleon sold drugs together and had the same source.

3. The informant contacted Deleon and Deleon allegedly sold the informant 14 grams of cocaine.

4. In or about the middle of December, 2003, the confidential informant contacted Rodriguez for the purposes of purchasing drugs.

5. Rodriguez told the informant he could not sell drugs to her.

6. The informant asked Rodriguez if she should contact

Deleon and Rodriguez told the informant, "No, deal with me." Rodriguez also stated he and Deleon did not deal drugs together anymore.

7.  On or about December 30, 2003, Deleon was involved in a brawl and charged by the Lowell Police Department with armed assault with intent to murder.

8.  During a subsequent meeting, Rodriguez told an informant he did not have any cocaine because he was forced to flush it down the toilet when police came to his apartment looking for Deleon.

9.  On June 29, 2004, a Grand Jury handed down a superseding indictment charging defendant Deleon with conspiring with Rodriguez to sell or distribute a narcotic.

10. The government claims that defendant Deleon should have attributed to him a drug quantity of between 500 grams and 2 kilograms of drugs, a charge that would carry a significantly higher sentence if proven.

11. A central area of contention is whether the government will be able to prove beyond a reasonable doubt that co-defendants Deleon and Rodriguez were involved in a conspiracy.

12. The surplusage in the superseding indictment is prejudicial because:

   a.  It attributes to defendant Deleon a higher amount of drugs than the original indictment.

   b.  There is minimal evidence that defendant Deleon engaged in a conspiracy with co-defendant Rodriguez.

   c.  The superseding indictment contains language that is potentially confusing to a jury and, therefore, could result in a sentence more severe than defendant Deleon should receive.

**WHEREFORE**, for the above reasons, defendants respectfully request that this Court dismiss and/or strike surplusage from the superseding indictment.

                                      The Defendant
                                      Jonathan Deleon
                                      By His Attorney
                                      /s/ James B. Krasnoo
                                      James B. Krasnoo  (BBO#279300)
                                      23 Main Street
                                      Andover, MA 01810
                                      (978) 475-9955

Dated:  September 22, 2004

**CERTIFICATE OF SERVICE**

I, James B. Krasnoo, hereby certify that I served a copy of the within document upon the attorney of record by first class mail, postage pre-paid, on September 22, 2004.

                                      /s/ James B. Krasnoo
                                      James B. Krasnoo