UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO. 04-10048 NG |
| v. ) | |
| ) | |
| JONATHAN DELEON ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE SURPLUSAGE**

Defendant Jonathan Deleon respectfully submits this Memorandum of Law in support of its Motion to Dismiss and/or Strike Surplusage. As more fully described below, this Court should dismiss and/or strike surplusage from Grand Jury's indictment because it is prejudicial toward Defendant Deleon and will cause him immediate and irreparable damage.

**INTRODUCTION**

Defendant Deleon is seeking to dismiss and/or to strike prejudicial language from Grand Jury's indictment naming him, along with co-defendant Carmelo Rodriguez, as a conspirator in a scheme to sell or to distribute between 500 grams and 2 kilograms of a narcotic or contraband, to wit cocaine, in violation of 841 A (1), all in violation of 21 U.S.C. 846.

**FACTS**

In or about December, 2003, a confidential informant (hereinafter, "informant") contacted Carmelo Rodriguez (hereinafter, "Rodriguez") and arranged to buy drugs from Rodriguez. The informant was told to contact Defendant Deleon (hereinafter, "Deleon") because Rodriguez was in Florida. Rodriguez also told the informant that Rodriguez and Deleon sold drugs together and had the same source. The informant contacted Deleon and Deleon allegedly sold the informant 14 grams of cocaine.

In or about the middle of December, 2003, the informant again contacted Rodriguez for the purpose of purchasing drugs. Rodriguez told the informant he could not sell drugs to her and, when the informant asked Rodriguez if she should contact Deleon, Rodriguez told the informant, "No, deal with me." Rodriguez also said he and Deleon no longer sold drugs together.

On or about December 30, 2003, Deleon was arrested on a charge unrelated to the above matter. On June 29, 2004, a Grand Jury handed down a superseding indictment charging Deleon with conspiring with Rodriguez to sell or distribute a narcotic. In the superseding indictment, the government claims Deleon should have attributed to him a quantity of between 500 grams and 2 kilograms of cocaine.

**ARGUMENT**

I.   **DISMISSING AND/OR STRIKING SURPLUSAGE FROM THE SUPERSEDING INDICTMENT IS NECESSARY TO PREVENT PREJUDICE AGAINST DEFENDANT AND TO PREVENT IMMEDIATE HARM TO DEFENDANT**

Dismissing and/or striking surplusage from the superseding indictment will remove prejudicial language and save the defendant immediate and irreparable harm.

The Government's superseding indictment includes allegations that, on the discovery given to defendant to date, leave in contention, and stand to cause confusion for a jury as to, Deleon's participation in any alleged conspiracy with Rodriguez to engage in drug sales over 500 grams. Deleon has not admitted to any such charge. The Government seems to have quality evidence of his allegedly selling 14 grams of cocaine to an informant on one occasion. Based on other information obtained from the Government, Rodriguez has apparently admitted to selling drugs.

In an attempt to impose a more severe penalty, the Government is seeking to implicate Deleon in a conspiracy to sell a quantity of drug far greater than 14 grams. The Government has not proven any such conspiracy between Rodriguez and Deleon based on observed acts of co-participation. Instead, the Government is basing its case on unverified and unverifiable statements from informants and several observed acts by Rodriguez. In fact, Rodriguez, when contacted by the informant for a second purchase of drugs, told the informant that he and Deleon did not sell drugs together. A jury, on hearing Defendant has sold a small quantity of drug, is inclined to assume Defendant has sold a larger quantity, despite no proof of his participation in such sales, only because the Government has alleged same in a "superseding" indictment.

In addition, if the Government is unable to prove beyond a reasonable doubt Defendant's involvement in a conspiracy of over 500 grams, thereby requiring a jury to return a verdict of not guilty, there is likely to be confusion for a jury as to whether Defendant is not still to be found guilty of the conspiracy of over 500 grams because he sold 14 grams on one occasion. Even with instructions, jurors will not understand

whether or not Deleon can be found guilty of the conspiracy as charged in the superseding indictment if the amount of drug attributed to him is less than 500 grams.

 Pursuant to FRCrP (7)(d) a District Court, on the motion of a defendant, can dismiss surplusage from an indictment to protect against allegations that are prejudicial and that are neither relevant nor material to the charges made in an indictment, 1 Wright, <u>Federal Practice and Procedure, § 127 at 227</u>. Surplusage should be stricken, moreover, when it is unnecessary or inflammatory. *United States v. Poore, 594 F.2d 39 (4th Cir. 1979)* quoting *Dranow v. United States, 307 F.2d 545, 558 (8th Cir. 1962).*

 In *U.S. v. DePalma 461 F.Supp. 778, 797 (S.D. NY 1978),* the indictment is setting out a complicated scheme of securities fraud with colorful language such as "skimming" and "looting.". That language, however, if the defendant was found guilty, didn't give rise to prejudice that could affect the defendant's fair trial because the language was relevant to proof of the essential elements of the offense. In DePalma, the jury needed to find defendant either guilty or not guilty. In the case at bar, defendant Deleon's sentence changes under the guidelines depending on guilt found by a jury. That guilt, because of the quantity alleged in the superseding indictment, needs not just a guilty or not guilty. It needs a finding of a specific drug quantity, which quantity is not an essential element of conspiracy to distribute drugs but is only an essential element to be found by a sentencing jury. The defendant does not waive his right to be entitled to a fresh jury for purposes of determining drug quantity beyond a reasonable doubt in the event he is convicted of conspiracy by the first jury.

 Attributing no less than 500 grams up to 2 kilograms of cocaine sales to Deleon, when there is no proof of such sales, is prejudicial and causes him immediate harm in that

a jury, seeing proof of one sale by him of 14 grams, is likely to assume the greater charge and subject Deleon to conviction of the charged conspiracy, with a correspondingly more severe punishment. A jury is more apt to find Deleon guilty of a conspiracy because the superseding indictment alleges sales of no less than 500 grams, when quality evidence shown by the Government only shows one sale of 14 grams attributable to Deleon. A jury, being told the extensive nature of the conspiracy, is likely to include each player in that conspiracy, no matter how small a role they played. In *U.S. v. Hood 200 F.2d 639, 641 (5th Cir. 1953)*, the Court found that the proper remedy when allegations of an indictment are prejudicial is not to dismiss the entire count, but rather to strike the prejudicial language. In *Hood*, the nature of the indictment for conspiracy included confusing language as to the criminal activity involved in the conspiracy. The Court further said the charging portion of the indictment was sufficient to state a good case, but that further averments or allegations of the indictment were prejudicial and would cause a grave feeling of hostility toward the defendants because the offenses with which they were charged were not necessary to the charging part of the conspiracy.

In the case at bar, the Government has every right to prove a conspiracy, however the inclusion of an amount of drug to be attributable to Deleon is unnecessary and confusing to a jury. As in *Hood*, the additional language in the case at bar is not necessary for the government to prove a conspiracy. The Government cannot maintain the inclusion of a specific drug quantity is an essential element of the offense. Were it so, why have indictments over the last several years specified no quantities?

Were this matter decided in an intellectual vacuum, where a jury could easily separate the facts of a provable lesser charge from a more serious charge based on

minimal evidence, defendant Deleon perhaps would not suffer any prejudice. The Government will contend that, upon the Court's limiting instructions, the jury will have the ability to view evidence separately.

The Courts have disagreed. In *United States v. Foutz, 540 F.2d 733 (4th Cir. 1976)*, the Government's argument was dismissed because it found the prejudice to the defendant, arising from the weakness of the government's one case and strength of another, is so marked that it could not presume the jury adhered to limiting instructions and, quoting from *Bruton v. United States, 391 U.S. 123, 131 S. Ct. L.Ed 2d 476 (1968),* ..." segregated the evidence into separate intellectual boxes."

That is the issue here. A jury, if shown adequate proof that Deleon and Rodriguez were involved in an alleged conspiracy to sell drugs, even if there is only proof the conspiracy involved the 14 grams, is prejudicially apt to think Deleon is automatically guilty of selling no less than 500 grams up to 2 kilograms. The mere suggestion of the larger amount changes the jury's perception of the Defendant, whether or not the Government is able to prove beyond a reasonable doubt his involvement in those sales. The Foutz decision further states that, "...to a layman's mind a defendant's criminal disposition is logically relevant to his guilt or innocence of a specific crime..." But the law sees that inference so weak, and the danger of prejudice so strong, that it attempts to prevent conviction on account of a defendant's bad character. "Thus, evidence of 'other crimes' which is relevant only to prove a criminal disposition is universally acknowledged to be inadmissible." *Foutz 540 F.2d 733*.

In *Bridges vs. United States, 346 U.S. 209, 223, S.Ct. L.Ed. 1557 (1953),* as quoted in *United States v. Velasquez, 319 F.2d 381 (3rd Cir. 1963)*, the Court ruled that

the insertion of surplus words in an indictment does not change the nature of the offense charged.  In Defendant Deleon's case, such words do change the nature of the offense. Attributing a far larger quantity of drug than 14 grams to Deleon, despite no proof thereof, significantly changes the penalty he faces and stands to confuse the jury.  In *United States v. Bullock, 451 F.2d 884, 888 (5th Cir. 1971)*, the Court agreed, ruling that the inclusion of clearly unnecessary language in an indictment that could serve only to inflame the jury, confuse the issues, and to blur the elements necessary for conviction under separate counts surely can be prejudicial.

While there may be sufficient evidence to prove Deleon's sale of 14 grams, finding him guilty of a larger distribution based solely on a jury's predisposition to think anyone who sells drugs should be punished, undermines the bases of the criminal justice system. In *United States v. Bufalino, 285 F.2d 408 (2nd Cir. 1960)*, the Court said the system's basic concepts of fair dealing are centered on the requirement that in each case we reach a result based solely on the charges made in the particular indictment and on the evidence which appears on the record with regard to those charges and that "....conviction for a crime which the government could not prove, on inferences no more valid than others equally supported by reason and experience, and on evidence which a jury could not properly assess, cannot be permitted to stand."  A jury is unlikely to 'properly assess' Deleon's involvement in an alleged conspiracy to sell the larger quantity of drugs having seen proof of a smaller sale.  Therefore, the Government's superseding indictment amounts to a smokescreen used to cloud the jury's judgment as to Deleon's involvement in the alleged sales.

7

The Government suffers no prejudice if the conspiracy charges continue but set forth no drug quantities. The Government can try the conspiracy and substantitive offense. If the defendant is found guilty, a trial proving the quantity of drugs to be attributed to the defendant beyond a reasonable doubt may be held. Analogizing Deleon's predicament to one of prejudicial joinder of offenses, the proper relief is not to dismiss the entire indictment but to order a separate trial of first as to criminal responsibility and in the event of guilt, secondly, as to drug quantity. *See U.S. v. Goodman 285 F.2d 378 (5th Cir. 1961).*

On the other hand, Defendant Deleon certainly suffers prejudice in the eyes of a jury if a larger quantity of drug is attributed to him without any sufficient proof that he was involved in sales of that quantity, merely because a jury can find him guilty of selling 14 grams. If the jury was to find the defendant not guilty of conspiracy to distribute 500 grams, all parties - the Court, Government and defendant - are left in unchartered waters as to whether the jury can find Deleon guilty of conspiracy but for a lesser quantity. Rather than explore "new" territory, where the Government is thereby prejudiced, the quantity set forth in the superseding indictment should be removed and in the event of guilt, a trial by a "sentencing" jury as to drug quantity can be set.

The Government will claim under the above scenario that it will have to try the same case twice. That is not true. The Government must first prove beyond a reasonable doubt Deleon's criminal responsibility in a conspiracy. If a guilty verdict is returned, then the Government is entitled to return to a jury to try to prove the amount of drugs which should be attributed to Deleon.

## CONCLUSION

For all of above stated reasons the Defendant's Motion to Dismiss and/or strike surplusage should be granted.

The Defendant
Jonathan Deleon
By His Attorney

/s/ James B. Krasnoo
James B. Krasnoo
BBO# 279300
23 Main Street
Andover, MA 01810
(978) 475-9955

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail on September 22, 2004.

/s/ James B. Krasnoo
James B. Krasnoo
