UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>) <br>v. )<br>)<br>JONATHAN DELEON )<br>) | CR. NO. 04-10048-NG |

**MOTION TO STRIKE SURPLUSAGE IN THE SECOND SUPERSEDING
INDICTMENT AND MEMORANDUM IN SUPPORT THEREOF**

Now comes the defendant in the above-entitled matter and moves to strike surplusage in the second superseding indictment and assigns as reasons therefor the following:

1. The defendant is charged identically in the original, first superseding and second superseding indictment with two counts that allege that he respectively on Count 1 conspired to distribute cocaine between 500 and 2 kilograms in violation of 21 U.S.C. §846 and in Count 4 distributed an unspecified quantity of cocaine (which discovery estimates to be 14 grams).

2. The superseding indictment merely contains a section called: Notice of Additional Factors, which section sets out that Deleon is a manager, has committed two prior felonies and is accountable for 500 to 2 kilos, and therefore contains information irrelevant to conviction on Counts 1 and 4 of the indictment, even if said information may relate to sentencing factors under the indictment.

3. The defendant seeks to strike from initial jury consideration as to criminal responsibility that section of the superseding indictment entitled Notice of Additional Factors for the reasons set forth below.

**FACTS**

4. In or about December, 2003, a confidential informant (hereinafter "informant") contacted Carmelo Rodriguez (hereinafter "Rodriguez") and arranged to buy drugs from Rodriguez. The informant was told to contact defendant Deleon (hereinafter "Deleon") because Rodriguez was in Florida. Rodriguez also told the informant that Rodriguez and Deleon sold drugs together and had the same source. The informant contacted Deleon and Deleon allegedly sold the informant 14 grams of cocaine.

5. In or about the middle of December, 2003, the informant again contacted Rodriguez for the purpose of purchasing drugs. Rodriguez told the informant he could not sell drugs to her and, when the informant asked Rodriguez if she should contact Deleon, Rodriguez told the informant, "No, deal with me." Rodriguez also said he and Deleon no longer sold drugs together.

6. On or about December 30, 2003, Deleon was arrested on a charge unrelated to the above matter. On June 29, 2004, a Grand Jury handed down a superseding indictment charging Deleon with conspiring with Rodriguez to sell or distribute a narcotic. In the superseding indictment, the government claims Deleon should have attributed to him a quantity of between 500 grams and 2 kilograms of cocaine.

**ARGUMENT**

**I.   DISMISSING AND/OR STRIKING SURPLUSAGE FROM THE SUPERSEDING INDICTMENT IS NECESSARY TO PREVENT PREJUDICE AGAINST DEFENDANT AND TO PREVENT IMMEDIATE HARM TO DEFENDANT.**

7.   Dismissing and/or striking surplusage from the superseding indictment will remove prejudicial language and save the defendant immediate and irreparable harm.

8.   In general, the Court may strike, as surplusage and superfluous, language which unfairly prejudices the accused.  *United States v. Vastola, 899 F.2d 211, 231 n.25 (3d Cir.), vacated on other grounds, 497 U.S. 1001 (1990).*  See also, *United States v. Pungitore, 910 F.2d 1084, 1142 & n.83 (3d Cir. 1990).*  A motion to strike surplusage, permitted under Rule 7(d) of the Federal Rules of Criminal Procedure, should be granted when the allegations are not relevant to the charge and are unnecessary, inflammatory or prejudicial.  *United States v. Poore, 594 F.2d 39 (4th Cir. 1979) quoting Dranow v. United States, 307 F.2d 545, 558 (8th Cir. 1962).  United States v. Rezag, 134 F.3d 121, 1134 (D.C. Cir. 1998),* quoting 1 Charles Alan Wright, Federal Practice And Procedure, §127, at 426 (1982).  See also, *United States v. Behenna, 552 F.2d 573, 576 (4th Cir. 1997); United States v. Root, 366 F.2d 377, 381 (9th Cir. 1996); United States v. Collins, 920 F.2d 619, 631 (10th Cir. 1990); United States v. Huppert, 917 F.2d 507, 511 (11th Cir. 1990); United Stats v. Scarpa, 913 F.2d 993, 1013 (2d Cir. 1990); United States v. Figueroa, 900 F.2d 1211, 1218 (8th Cir. 1990).*  Material that can be fairly described as 'surplus' may be stricken if it is irrelevant and prejudicial.  *United States v. Oakar, 111 F.3d 146, 157 (D.C. Cir. 1997).*

9. The Government's superseding indictment includes allegations that, on the discovery given to defendant to date, leave in contention, and stand to cause confusion for a jury as to, Deleon's participation in any alleged conspiracy with Rodriguez to engage in drug sales over 500 grams. Deleon has not admitted to any such charge. The Government seems to have quality evidence of his allegedly selling 14 grams of cocaine to an informant on one occasion. Based on other information obtained from the Government, Rodriguez has apparently admitted to selling drugs.

10. Allegations of managerial or supervisory ability are unnecessary to prove either charge and are introduced improperly in the charging document solely as to affect sentencing. Proof of those allegations at trial will be solely to inflame a jury that must determine guilt or lack of guilt. Moreover, the government has not in its discovery identified the 5 or more participants it is alleged Deleon supervised or managed, so that the defendant is presently unable to defend himself on this charge.

11. The government's additional factors, while <u>perhaps</u> appropriate considerations for sentencing, play no part in determination of guilt or innocence and unfairly predispose the jury toward guilt. The prior felony convictions may be used at trial only for impeachment as the charges lack as an element that the defendant while committing the present drug offenses is a felon. Yet, proof of these convictions will simply be evidence of his prior bad conduct, evidence long held inadmissible.

12. In an attempt to impose a more severe penalty, the Government is seeking to implicate Deleon in a conspiracy to sell a quantity of drug far greater than 14 grams. The Government has not proven any such conspiracy between Rodriguez and Deleon based on

observed acts of co-participation. Instead, the Government is basing its case on unverified and unverifiable statements from informants and several observed acts by Rodriguez. In fact, Rodriguez, when contacted by the informant for a second purchase of drugs, told the informant that he and Deleon did not sell drugs together. A jury, on hearing defendant has sold a small quantity of drug, is inclined to assume defendant has sold a larger quantity, despite no proof of his participation in such sales, only because the Government has alleged several prejudicial Notice of Additional Facts in its second superseding indictment.

13. In addition, if the Government is unable to prove beyond a reasonable doubt defendant's involvement in a conspiracy of over 500 grams, thereby requiring a jury to return a verdict of not guilty, there is likely to be confusion for a jury as to whether defendant is not still to be found guilty of the conspiracy of over 500 grams because he sold 14 grams on one occasion. Even with instructions, jurors will not understand whether or not Deleon can be found guilty of the conspiracy as charged in the superseding indictment if the amount of drug attributed to him is less than 500 grams.

14. The government has simply added into the indictment Notice of Additional Factors because of the sentencing enhancement issues raised in *Blakely v. Washington, 2004 W.L. 1402697, ___ U.S. ___, (U.S. Supreme Court, June 24, 2004)*. This Court has found, however, that *Blakely* applies to the Guidelines, that the Guidelines' unconstitutional portions may not be severed from the rest and that indeterminate sentencing applies. *United States v. Mueffleman, 347 F.Supp. 2d 79 (D. Mass. 2004)*. See also, *United States v. Sisson, 326 F.Supp. 2d 203 (D. Mass. 2004)* (wherein Judge Harrington singularly ruled). If indeterminate sentencing applies, the additional factors added in to the superseding indictment are irrelevant

because such "enhancements" are addressed in pre-guideline sentences to the Court's discretion and are not mandated so as to constrain a judge in her determinations of a just sentence.

      14a.    The Notice of Additional Factors would not normally be included in an Indictment. These factors as discussed both *supra* and *infra* are not essential to the offenses charged and therefore not relevant for purposes of the indictment but only for sentencing purposes. Because they are not criminal conduct defined by Congress, they have no place within the charging document against Deleon, *United States v. Jardine, 2004 W.L. 2314511 (E.D. Pa.) (Oct. 8, 2004) (Schiller, J.)\*4,* as they are not only irrelevant but also prejudicial to defendant. *Id., citing United States v. Mulcher,* ___ F.Supp. 2d ___, *2004 W.L. 2004080 (S.D. Iowa, Sept. 9, 2004) at \*4.* First, these factors burden the jury with unnecessary complexity; secondly, they influence the jury and impair its focus on the elements of the crimes themselves. *Jardine, at \*5.* Both *Jardine* and *Mulcher* held that motions to strike surplusage were appropriate.

      15.    *Blakely* raised the issue as to whether or not sentencing factors which the government now seeks to be treated as elements of the offense to be proved beyond a reasonable doubt to the jury are to be set forth in an indictment. Courts have reached different opinions and are split on this issue. Like *Jardine* and *Mulcher*, in *United States v. Brown,* ___ F.Supp. 2d ___, *2004 W.L. 1879949 (M.D. Ill. 2004),* Judge Gettleman granted the defendant's motion to strike sentencing allegations from the indictment and forbad the government from proving, either at trial or at a bifurcated sentencing hearing, any evidence of obstruction of justice. While Judge Gettleman did not provide his rationale in a written order, he granted the government's motion to continue the trial until after expected rulings in *United States v. Booker, 375 F.2d 508 (7th Cir.), cert. granted* ___ U.S. ___, *2004 W.L. 1713654 (2004)* and *United States v. Fanfan,* ___ F.Supp.

___ 2d ___, 2004 W.L. 1723114 (D. Me. 2004), cert. granted, ___ U.S. ___, 2004 W.L. 1713655 (2004) [these two cases were argued before the United States Supreme Court on October 4, 2004].

16.   In *United States v. Mulcher*, ___ F.Supp. 2d ___, 2004 W.L. 2004080 (S.D. Iowa 2004), Judge Pratt granted the defendant's motion to strike four aggravating factors from the superseding indictment. While Judge Pratt acknowledged the government's fear that the defendants might receive a sentencing windfall depending upon the ruling in *Booker*, the Court determined that the aggravating factors are not criminal conduct defined by Congress and, as such, have no place within the charging documents against the defendants. He relied upon *United States v. Worrall, 2 U.S. 284 (1798)*. The judge concluded that the aggravating factors were based on United States Sentencing Guidelines which were not laws but merely procedural rules for the Court to follow, insufficient authority to bring the allegations properly before a trier of fact at a federal district court jury trial. Absent an act of Congress establishing an aggravating factor as an element of the offense under the law, Judge Pratt, therefore, would refuse to allow a jury to consider such allegations.

17.   Some Courts have reasoned wrongly to the contrary. In *United States v. Baert, ___ F.Supp. ___, 2004 W.L. 2009275 (D. Me.)* docket no. CR. 03-116-P-H, September 8, 2004, Judge Hornby declined defendant's motion to strike alleged enhancing factors as surplusage and permitted such factors to be properly included in the indictment until post-*Blakely* guidance from the United States Supreme Court. See also, *United States v. Cross, ___ F.Supp. 2d ___, 2004 W.L. 2222299 (W.D. Wis., 2004),* docket no. 04-CR-112-C, wherein Magistrate Crocker in his Report And Recommendation holds that the Seventh Circuit, which decided *Booker, supra*,

requires those facts to be alleged in the indictment. The First Circuit has not addressed this precise issue.

18.  In the present case, the defendant alleges that the surplusage is prejudicial, that the government lacks statutory authority to include such sentencing allegations in an indictment, and that presenting such sentencing allegations to a jury for proof beyond a reasonable doubt to increase the defendant's sentence, violates the constitutional principles of separation of powers and the prohibition against the legislative branch delegating its powers to the executive branch. The latter argument relies upon Judge Young's 177 page Sentencing Memoranda in *United States v. Richard Green*, ___ F.Supp. 2d ___, Cr. No. 02-10054-WGY, decided June 22, 2004 (D. Mass. 2004).

19.  The government's language in the superseding indictment setting forth the Notice of Additional Counts is not relevant, prejudicial and creates immediate irrevocable harm for the defendant. Proof of this information which is unnecessary to the proof of the substantive charge will seek to bootstrap the government's theory of the case. If, for example, the government fails in its proof as to some or all of the alleged drug quantity or as to Deleon's managerial or supervisory capacity, the Notice of Additional Facts will not only create jury confusion, but cannot be easily processed by a jury into the appropriate category for sentencing purposes. Accordingly, the trial jury would have received erroneous information that it was to have considered in determining whether or not the defendant was guilty. No curative instructions would be able to be given to the jury at that point in the proceedings. Whether or not this circumstance would require the return of a not guilty is a matter that may be answered or at least anticipated in both *Booker* and *Fanfan*, but is presently unknown to any federal district court

judge. If the government is unable therefore to prove beyond a reasonable doubt that the defendant conspired to distribute more than 500 grams, thereby requiring a jury to return a verdict of not guilty, there is likely to be confusion for the jury as to whether or not the defendant is still to be found guilty of managing 5 or more persons or of selling 14 grams.

20.     Attributing no less than 500 grams up to 2 kilograms of cocaine sales to Deleon, when there is no proof of such sales, is prejudicial and causes him immediate harm in that a jury, seeing proof of one sale by him of 14 grams, is likely to assume the greater charge and subject Deleon to conviction of the charged conspiracy, with a correspondingly more severe punishment. A jury is more apt to find Deleon guilty of a conspiracy because the second superseding indictment alleges sales of no less than 500 grams, alleges managerial abilities and alleges a prior criminal record, when quality evidence shown by the Government only shows one sale of 14 grams attributable to Deleon. A jury, being told the extensive nature of the conspiracy, is likely to include each player in that conspiracy, no matter how small a role they played. In *U.S. v. Hood 200 F.2d 639, 641 (5th Cir. 1953)*, the Court found that the proper remedy when allegations of an indictment are prejudicial is not to dismiss the entire count, but rather to strike the prejudicial language. In *Hood*, the nature of the indictment for conspiracy included confusing language as to the criminal activity involved in the conspiracy. The Court further said the charging portion of the indictment was sufficient to state a good case, but that further averments or allegations of the indictment were prejudicial and would cause a grave feeling of hostility toward the defendants because the offenses with which they were charged were not necessary to the charging part of the conspiracy.

21. In the case at bar, the Government has every right to prove a conspiracy, however, the inclusion of such improper non-essential elements such as drug amounts, prior criminal offenses and managerial ability to be attributable to Deleon is unnecessary and confusing to a jury. As in *Hood*, the additional language in the case at bar is not necessary for the government to prove a conspiracy. The Government cannot maintain the inclusion of a specific drug quantity of managerial ability or of a prior criminal record is an essential element of the offense. Were it so, why have indictments over the last several years specified no such data?

22. Were this matter decided in an intellectual vacuum, where a jury could easily separate the facts of a provable lesser charge from a more serious charge based on minimal evidence, defendant Deleon perhaps would not suffer any prejudice. The Government will contend that, upon the Court's limiting instructions, the jury will have the ability to view evidence separately.

23. The Courts have disagreed. In *United States v. Foutz, 540 F.2d 733 (4th Cir. 1976)*, the Government's argument was dismissed because it found the prejudice to the defendant, arising from the weakness of the government's one case and strength of another, is so marked that it could not presume the jury adhered to limiting instructions and, quoting from *Bruton v. United States, 391 U.S. 123, 131 S. Ct. L.Ed 2d 476 (1968)*, ..." segregated the evidence into separate intellectual boxes."

24. That is the issue here. For example, a jury, if shown adequate proof that Deleon and Rodriguez were involved in an alleged conspiracy to sell drugs, even if there is only proof the conspiracy involved the 14 grams, is prejudicially apt to think Deleon is automatically guilty of selling no less than 500 grams up to 2 kilograms, especially if proof is offered of his prior

criminal record. The mere suggestion of the larger amount changes the jury's perception of the Defendant, whether or not the Government is able to prove beyond a reasonable doubt his involvement in those sales. The <u>Foutz</u> decision further states that, "...to a layman's mind a defendant's criminal disposition is logically relevant to his guilt or innocence of a specific crime..." But the law sees that inference so weak, and the danger of prejudice so strong, that it attempts to prevent conviction on account of a defendant's bad character. "Thus, evidence of 'other crimes' which is relevant only to prove a criminal disposition is universally acknowledged to be inadmissible." *Foutz 540 F.2d 733*. Yet, the government seeks its introduction to the jury.

25.     In *Bridges vs. United States, 346 U.S. 209, 223, S.Ct. L.Ed. 1557 (1953),* as quoted in *United States v. Velasquez, 319 F.2d 381 (3rd Cir. 1963)*, the Court ruled that the insertion of surplus words in an indictment does not change the nature of the offense charged. In Defendant Deleon's case, such words do change the nature of the offense. Attributing a far larger quantity of drug than 14 grams to Deleon, despite no proof thereof, significantly changes the penalty he faces and stands to confuse the jury. In *United States v. Bullock, 451 F.2d 884, 888 (5th Cir. 1971)*, the Court agreed, ruling that the inclusion of clearly unnecessary language in an indictment that could serve only to inflame the jury, confuse the issues, and to blur the elements necessary for conviction under separate counts surely can be prejudicial.

26.     While there may be sufficient evidence to prove Deleon's sale of 14 grams, finding him guilty of a larger distribution based solely on a jury's predisposition to think anyone who sells drugs or who has a prior criminal record should be punished, undermines the bases of the criminal justice system. In *United States v. Bufalino, 285 F.2d 408 (2nd Cir. 1960)*, the Court said the system's basic concepts of fair dealing are centered on the requirement that in each case

we reach a result based solely on the charges made in the particular indictment and on the evidence which appears on the record with regard to those charges and that "....conviction for a crime which the government could not prove, on inferences no more valid than others equally supported by reason and experience, and on evidence which a jury could not properly assess, cannot be permitted to stand." A jury is unlikely to 'properly assess' Deleon's involvement in an alleged conspiracy to sell the larger quantity of drugs having seen proof of a smaller sale. Therefore, the Government's superseding indictment amounts to a smokescreen used to cloud the jury's judgment as to Deleon's involvement in the alleged sales.

27.     The Government suffers no prejudice if the conspiracy charges continue but set forth no drug quantities and none of his managerial abilities or prior criminal record. The Government can try the conspiracy and substantitive offense. If the defendant is found guilty, a trial proving the quantity of drugs to be attributed to the defendant beyond a reasonable doubt may then be held. Analogizing Deleon's predicament to one of prejudicial joinder of offenses, the proper relief is not to dismiss the entire indictment but to order a separate trial first as to criminal responsibility and in the event of guilt, secondly, as to drug quantity and other sentencing factors. *See United States v. Goodman 285 F.2d 378 (5th Cir. 1961).*

28.     On the other hand, defendant Deleon certainly suffers prejudice in the eyes of a jury if a larger quantity of drug is attributed to him without any sufficient proof that he was involved in sales of that quantity, merely because a jury can find him guilty of selling 14 grams. If the jury was to find the defendant not guilty of conspiracy to distribute 500 grams, all parties - the Court, Government and defendant - are left in unchartered waters as to whether the jury can find Deleon guilty of conspiracy but for a lesser quantity. Rather than explore "new" territory,

where the Government is thereby prejudiced, the quantity set forth in the superseding indictment should be removed and in the event of guilt, a trial by a "sentencing" jury as to drug quantity and other factors can be set.

29.     The Government will claim under the above scenario that it will have to try the same case twice. That is not true. The Government must first prove beyond a reasonable doubt Deleon's criminal responsibility in a conspiracy. If a guilty verdict is returned, then the Government is entitled to return to a jury to try to prove the amount of drugs which should be attributed to Deleon.

For the above reasons, the defendant's motion to strike surplusage and dismiss so much of the indictment as alleges same should be granted.

The Defendant
By his Attorney


/s/ James B. Krasnoo
James B. Krasnoo
Law Offices of James B. Krasnoo
23 Main Street
Terrace Level
Andover, MA  01810
(978) 475-9955
BBO# 279300

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by first class mail on November 5, 2004.

                                /s/ James B. Krasnoo
                                James B. Krasnoo