UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CR-04-74-B-W |
| | ) |
| LIONEL CORMIER, | ) |
| | ) |
| Defendant. | ) |

ORDER AFFIRMING IN PART AND REJECTING IN PART THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

In light of *United States v. Booker*, Nos. 04-104, 04-105, ___ S.Ct. ___, 2005 WL 50108 (January 12, 2005), this Court concludes the sentencing allegations contained in the Indictment are surplusage and must be stricken pursuant to Fed. R. Crim. P. 7(d). This Court rejects the Magistrate Judge's Recommended Decision on the Defendant's Motion to Strike, but affirms her Recommended Decision on Defendant's Motion to Suppress and Motion for Relief from Prejudicial Joinder.

I.  THE RECOMMENDED DECISION: MOTION TO SUPPRESS AND MOTION FOR RELIEF FROM PREJUDICIAL JOINDER.

The United States Magistrate Judge filed with the Court on December 3, 2004 her Recommended Decision on the Defendant's Motion to Suppress, Motion for Relief from Prejudicial Joinder, and Motion to Strike Surplusage. The Defendant filed objections to the Recommended Decision on December 9, 2004 and December 15, 2004. This Court has reviewed and considered the Magistrate Judge's Recommended Decision together with the entire record. This Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; as to the Motion to Suppress and the Motion for

Relief From Prejudicial Joinder, this Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and determines that no further proceeding is necessary.

## II.   MOTION TO STRIKE

### A. The Indictment

This Court, however, reverses the Magistrate Judge's Recommended Decision on the Defendant's Motion to Strike the sentencing allegations in the Indictment. The Indictment contains five Counts against the Defendant: 1) Count I - conspiracy to distribute and possession with intent to distribute Oxycontin, Percocet and marijuana; 2) Count II - possession with intent to distribute Oxycontin and Percocet; 3) Count III - possession of firearms by a felon; 4) Count IV - possession with intent to distribute marijuana; and, 5) Count V - possession of a firearm in furtherance of a drug trafficking crime.

The Indictment also contains a separate section entitled "Sentencing Allegations." These allegations contain assertions directed toward the application of potentially relevant provisions of the Sentencing Guidelines. They allege that the Defendant possessed certain quantities of marijuana and Oxycontin, that during the commission of the offense in Count V, he brandished a firearm, that two of the firearms used to commit drug trafficking offenses were stolen, and that the Defendant committed the offenses when he was over eighteen years of age and less than two years from his release from imprisonment on a prior sentence within the meaning of U.S.S.G. § 4A1.1(e). The Defendant contends the sentencing allegations should be struck because: (1) the allegations do not contain factual elements of the crimes charged in the Indictment or constitute separate crimes themselves; and, (2) the allegations that the Defendant brandished a firearm and was released from a sentence less than two years before committing the instant offenses are

prejudicial.

### B. The Purpose of the Indictment

The purpose of an indictment is to inform the accused "of the nature and cause of the accusation" against him. U.S. Const. amend. VI; *see also* Fed. R. Crim. P. 7(c)(1)("The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ."); *Hamling v. United States*, 418 U.S. 87, 117 (1974), *reh'g denied*, 419 U.S. 885 (1974)("Our prior cases indicate that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."). The test for a sufficient indictment is whether it contains the elements of "the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." *United States v. Debrow*, 346 U.S. 374, 376 (1953)(citations omitted).

"Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). This serves to protect the defendant "against immaterial or irrelevant allegations in an indictment or information, which may . . . be prejudicial." Fed. R. Crim. P. 7(d), advisory committee note; *see also United States v. Lewis*, 40 F.3d 1325, 1346 (1st Cir. 1994); *United States v. Fahey*, 769 F.2d 829, 841-42 (1st Cir. 1985). Whether to strike allegations in the indictment rests in the sound discretion of the district court. *Lewis*, 40 F.3d at 1346.

### C. *Blakely* and *Booker*

In *Blakely v. Washington*, 124 S.Ct. 2531 (2004), *reh'g denied*, 125 S.Ct. 21 (2004), the United States Supreme Court reiterated the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000): "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 124 S.Ct. at 2536 (quoting *Apprendi*, 530 U.S. at 490). In response to *Blakely*, the government began adding aggravating factors to indictments, a procedure the Court in this District upheld. *See United States v. Baert*, Crim. No. 03-116-P-H, 2004 WL 2009275, at *1 (D. Me. Sept. 8, 2004)("Given this District's interpretation of *Blakely* . . . the government must include such allegations in order to obtain what it considers an appropriate sentence under the United States Sentencing Guidelines."). Here, the Magistrate Judge, citing *Baert*, denied the Defendant's Motion to Strike.

However, in light of the subsequent decision by the United States Supreme Court in *Booker*, this Court concludes the Defendant's Motion to Strike the sentencing allegations from the Indictment must be granted. In *Booker*, the Court held that those portions of the Sentencing Reform Act of 1984 that make the United States Sentencing Guidelines mandatory, or that depend upon the Guidelines' mandatory nature, are constitutionally infirm and must be severed and excised from the Act. *Booker*, 2005 WL 50108, at *16. Because *Booker* held the Sentencing Guidelines are not mandatory, but advisory only, if none of the facts contained in the Sentencing Allegations portion of the Indictment must be proven to a jury in order for this Court to consider them at sentencing, the allegations are surplusage and should be stricken. *See United States v. Dose*, No. CR04-4082-MWB, 2005 WL 106493, at *3 (N.D. Iowa Jan. 12, 2005)(holding the same).

**D. Sentencing Allegations Other Than Drug Quantity**

Sentencing allegations, which do not allege elements of the charged offenses and are matters only for determination at sentencing under the advisory Sentencing Guidelines, have no place within the charging document against the defendant. With the possible exception of drug quantity, the sentencing allegations in this Indictment do not state elements of the offenses and must be stricken.[1]

### E. Sentencing Allegations About Drug Quantity

The drug quantity allegations require more discussion. The Government's obligation not to overstate the charge must be balanced against its corresponding obligation not to understate it. Under the statutory scheme, the possession of different drug quantities can affect the applicable penalty. If the Government is seeking higher than the maximum penalties contained in the catchall penalty provision of 21 U.S.C. § 841 for the particular drug involved (twenty years for substances with a cocaine base, 21 U.S.C. § 841(b)(1)(C), and five years for a marijuana substance, *id.* § 841(b)(1)(D)), it must place the defendant on notice. *Apprendi*, 530 U.S. at 490; *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998); *United States v. Caba*, 241 F.3d 98, 101 (1st Cir. 2001). Whatever confusion that ensued after *Blakely*, an indictment must set forth each element of the crime it charges and fairly inform the defendant of the charge against which he must defend. *Hamling*, 418 U.S. at 117.

Here, the Indictment alleges violations of specific statutory provisions, which are tied to drug quantity. Each drug crime count contains a specific allegation as to which penalty subsection of § 841 the Government is alleging the Defendant violated: 1) Count I - §

---

[1] Some of the allegations are benign. For example, the allegation that the Defendant is over eighteen years of age is neither prejudicial nor immaterial. Other allegations, such as the charge that he committed the crime within two years of his release from imprisonment for another crime, are prejudicial and immaterial. This Court strikes all sentencing allegations, the innocuous and the damaging, because to separate out "Sentencing Allegations" in the indictment is to invite the jury to deliberate about the sentencing implications of its verdict.

841(b)(1)(C); 2) Count II - § 841(b)(1)(C); and, 3) Count IV - § 841(b)(1)(D). The Indictment's reference to these specific penalty provisions places the Defendant on fair notice that the Government is charging possession of drug quantities triggering for Counts I and II, imprisonment of not more than twenty years and for Count IV, imprisonment of not more than five years. If the Government were seeking higher statutory penalties under § 841, it would have to charge them.[2] *See United States v. Nelson-Rodriguez*, 319 F.3d 12, 45 (1st Cir. 2003), *cert. denied*, 539 U.S. 928 (2003), 540 U.S. 845 (2003), 540 U.S. 831 (2003).

The drug quantity sentencing allegations in this Indictment are: 1) with respect to Count I, the Defendant is "responsible for 2.99 grams of Oxycontin and at least one kilogram of marijuana;" 2) that with respect to Count II, he is "responsible for 2.99 grams of Oxycontin;" and, 3) with respect to Count IV, he is "responsible for at least one kilogram of marijuana."[3]

---

[2] Regarding drug quantity, for example, if the Government charges that the Defendant possessed 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana or 100 or more marijuana plants, 21 U.S.C. § 841(b)(1)(B)(vii), he would be on notice that the enhanced penalty provisions of § 841(b)(1)(B) (not less than five years and not more than forty years) could apply. *United States v. Collazo-Aponte*, 281 F.3d 320(1st Cir. 2002), *cert. denied*, 537 U.S. 869 (2002), is not to the contrary. In *Collazo-Aponte*, the First Circuit disagreed with the defendant's contention that drug quantity was an element of the offense, but noted that, because the drug conspiracy sentence was within the applicable statutory maximum, "the drug quantity at issue never became an element of the offense." *Collazo-Aponte*, 281 F.3d at 326 n.3. This is not to say that drug quantity could never become an element of a drug conspiracy offense. For a helpful description of the role of drug quantity in the post-*Blakeley*, pre-*Booker* world, see *United States v. Perez*, 338 F. Supp. 2d 154 (D. Me. 2004).

[3] If specific drug amounts were alleged in the counts as opposed to separated out as sentencing allegations, it would appear not to violate Rule 7. In *United States v. Caba*, 241 F.3d 98 (1st Cir. 2001), the First Circuit recited in passing and without apparent compunction, the superseding indictment's allegations that the defendants distributed 9.6 grams of heroin on a certain date and 25.8 grams of heroin, 934 grams of cocaine, and 143.7 grams of cocaine base on another date. *Caba*, 241 F.3d at 100. By contrast, in *United States v. Nelson-Rodriguez*, 319 F.3d 12 (1st Cir. 2003), *cert. denied*, 539 U.S. 928 (2003), 540 U.S. 845 (2003), 540 U.S. 831 (2003), the First Circuit upheld against a claim of vagueness an indictment that alleged possession with intent to distribute "over 1,000 kilograms of cocaine, five kilograms of heroin, and 5,000 pounds of marijuana." *Nelson-Rodriguez*, 319 F.3d at 44-45. Under First Circuit authority, questions of drug quantity that could increase the possible penalty must be submitted for fact finding to the jury. *See*

Currently phrased, the drug quantity allegations are redundant. By specifying the applicable penalty subsections of § 841, Counts I, II and IV already alert the Defendant to the maximum drug amounts he is being charged with possessing. Following *Booker*, in these circumstances, there is no purpose for a separate restatement in a "sentencing allegation" section of the indictment.

What then is the prejudice? If an unredacted indictment were either read to the jury or admitted into evidence, the jury will be asked to consider a prominently displayed "Sentencing Allegation" section of the Indictment, listing specific drug amounts.[4] It is well established that when a jury has no sentencing function, it must reach its verdict without regard to what sentence might be imposed. *Shannon v. United States*, 512 U.S. 573, 579 (1994);[5] *Rogers v. United States*, 422 U.S. 35, 40 (1975). But, this Indictment invites the jury to ponder what it must not: the significance of the sentencing allegations. Set out in a redundant separate sentencing section, the Indictment's allegations of specific drug quantities violate Rule 7 and must be stricken.

---

*Derman v. United States*, 298 F.3d 34, 42-43 (1st Cir. 2002), cert. denied, 537 U.S. 1048 (2002).

[4] Of course, if this Court were to redact the sentencing allegations of the indictment at trial, it would be acting consistent with Rule 7 in striking the offending portion.

[5] *Shannon v. United States*, 512 U.S. 573 (1994), states:

> The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distract them from their factfinding responsibilities, and creates a strong possibility of confusion.

*Shannon*, 512 U.S. at 579.

7

1. As regards the Defendant's Motion to Suppress and Motion for Relief from Prejudicial Joinder, it is ORDERED that the Recommended Decision of the Magistrate Judge is AFFIRMED.

2. It is therefore ORDERED that the Defendants' Motion to Suppress and Motion for Relief from Prejudicial Joinder are DENIED.

3. As regards the Defendant's Motion to Strike Surplusage, it is ORDERED that the Recommended Decision of the Magistrate Judge is REJECTED.

4. It is therefore ORDERED that the Defendants' Motion to Strike Surplusage is GRANTED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2005

**Defendant**

**LIONEL CORMIER** (1)          represented by  **PETER E. RODWAY**
                                                RODWAY & HORODYSKI
                                                30 CITY CENTER
                                                PORTLAND, ME 04104
                                                773-8449
                                                Email: rodlaw@maine.rr.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*
                                                *Designation: CJA Appointment*

**Plaintiff**

**USA**                         represented by  **GAIL FISK MALONE**
                                                OFFICE OF THE U.S. ATTORNEY
                                                DISTRICT OF MAINE
                                                P.O. BOX 2460
                                                BANGOR, ME 4402-2460
                                                945-0344
                                                Email: gail.f.malone@usdoj.gov
                                                *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**JONATHAN R. CHAPMAN**
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF MAINE
P.O. BOX 9718
PORTLAND, ME 04104-5018
(207) 780-3257
Email: jon.chapman@usdoj.gov
*ATTORNEY TO BE NOTICED*