UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                            )
UNITED STATES OF AMERICA    )
                            )   CR. NO. 04-10048-NG
                            )
v.                          )
                            )
JONATHAN DELEON             )
_____)

**DEFENDANT'S OPPOSITION TO MOTION OF THE
UNITED STATES FOR A HANDWRITING EXEMPLAR**

On or about October 14, 2004, Jonathan Deleon was charged with conspiracy to distribute cocaine and aiding and abetting in the distribution of cocaine on or about February 19, 2004.

Mr. Deleon has remained in state court custody from January 1, 2004 to the present.

On or about February 10, 2006, the government moved for a handwriting exemplar of the defendant.

Without any showing of probable cause to obtain the handwriting exemplar, the government merely states that "[i]n support of this motion, the government states that it is in possession of a document relevant to a potential obstruction of justice enhancement at sentencing which the government has reason to believe was created by Deleon."

Such a statement falls woefully short of probable cause permitting this Court to issue a court order to compel the defendant to submit to a forced handwriting exemplar.

The information set forth is totally inadequate as a sufficient foundation to cause a warrant to issue.

There is furthermore no requisite showing of exigency to obtain this information.

All evidence obtained from the defendant Deleon's handwriting must be suppressed where the government has demonstrated neither probable cause incident to an arrest, nor exigent circumstances, nor consent, nor probable cause sufficient to justify this warrantless search.

The Fourth Amendment of the United States Constitution protects all persons from unreasonable searches and seizures.

All searches must be made pursuant to a warrant issued upon probable cause.

Searches conducted without valid warrants are presumed to be unreasonable unless the government can prove that the search falls within a narrow class of permissible exceptions: consent of the defendant, exigent circumstances, probable cause incident to the defendant's arrest.

In this matter, the government seeks to have the Court issue a warrantless order to seize the defendant Deleon's handwriting exemplars unjustified by any such exceptions.

First, the defendant Deleon does not consent to the taking of his handwriting exemplar.

Secondly, no exigent circumstances appear to exist to justify this warrantless seizure. Presumably, defendant Deleon's handwriting will not change over time thereby presenting no risk in delaying the seizure until the Court issues a warrant. *Schmerber v. California*, 384 U.S. 757 (1966).

Thirdly, any court order for a warrantless seizure of defendant Deleon's handwriting will not be incident to an arrest. He has already been arrested and remains in custody since 2004. A warrantless search and seizure too remote in time or place from the arrest with no existing exigency cannot be justified as incident to that arrest. *Preston v. United States*, 433 U.S. 1 (1997).

This warrantless search and seizure of the defendant's handwriting exemplars will have occurred more than two years after his arrest.

There is no factual showing by the government as to when the government came into possession of a document.

There is no factual showing of the government that it has obtained probable cause.

To the extent that probable cause may have been obtained incident to Mr. Deleon's 2004 arrest, it is simply too long a delay to permit probable cause to have remained unexpired.

The government's motion contains no affidavits and thereby fails to establish any facts beyond mere allegations by the Assistant United States Attorney.

Without the necessary sworn testimony, this Court, it is most respectfully suggested, would wholly and wrongly fail to fulfill the constitutional protections required by the warrant procedure because its issuance of the order sought by the government would obviate the need for any requisite of showing of probable cause by law enforcement authorities seeking the Court order.

In pursuance of said Court order, the unjustified, warrantless seizure of handwriting exemplars would subject the defendant to forced physical invasion of his body constituting a clear violation of his constitutional protections from unreasonable search and seizure.  See, *Davis v. Mississippi*, 394 U.S. 721 (1969).

**WHEREFORE,** for the above reasons, the defendant respectfully opposes the Motion Of The United States For A Handwriting Exemplar.

>The Defendant
>By his Attorney
>
>/s/ James B. Krasnoo
>James B. Krasnoo (BBO# 279300)
>Krasnoo/Klehm LLP
>23 Main Street, Suite One
>Andover, MA  01810
>(978) 475-9955

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants by first class mail on February 14, 2006.

>/s/ James B. Krasnoo
>James B. Krasnoo