UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V.            )<br>)<br>(4) JONATHAN DELEON,      )<br>    A/K/A "KING DANGER,"  )<br>    A/K/A "KING JONATHAN" )<br>) | Cr. No. 04-10048 NG |

REPLY OF THE UNITED STATES TO DEFENDANT'S
OPPOSITION TO REQUEST FOR HANDWRITING EXEMPLAR

The government has request an Order that the defendant be required to submit to a handwriting exemplar. The defendant has objected solely on the grounds that the government has failed to show probable cause, or special circumstances, to justify what the defendant characterizes as a Fourth Amendment search. See Deft's Opp. To Govt's Motion for Handwriting Exemplar. It is well settled, however, that "[c]ompulsion of handwriting exemplars is neither a search or seizure subject to Fourth Amendment protections, nor testimonial evidence protected by the Fifth Amendment privilege against self-incrimination." United States v. Euge, 444 U.S. 707, 718 (1980). See also United States v. Mara, 410 U.S. 19 (1973) (subpoena requiring that witness furnish specimen of his handwriting to grand jury, to be used solely as standard of comparison to determine whether he was author of certain writing, violated no legitimate Fourth Amendment interest, and Government was under no obligation to make preliminary showing of reasonableness); Gilbert v.

California, 388 U.S. 263, 265-267 (1967) (explaining that taking of handwriting exemplars is not within the protection of the Fifth Amendment since such an exemplar is an identifying physical characteristic and is not testimonial or communicative in nature).  The defendant has not cited a single case to the contrary and there are none.

The only question, then, is whether the handwriting exemplars are relevant to the issues at sentencing.  The government has previously provided the Court, *ex parte*, with a copy of the letter in question and an English translation.  See *Ex Parte* Motion of the United States, dated December 23, 2005 (which is incorporated herein).  The letter is unambiguous.  On its face, the letter contains a direct and explicit threat to government witnesses.  The letter was sent in an envelop from the Essex County Correctional Facility at Middleton, where the defendant was incarcerated, and indicates that it is from Jonathan Deleon.  The government seeks to compel the handwriting exemplar so that it can compare Deleon's handwriting with that of the letter to show, by a preponderance of the evidence (the standard the government believes applies at a sentencing hearing) or even beyond a reasonable doubt (if the Court determines that this standard of proof applies at sentencing) that the letter was by Jonathan Deleon.  At sentencing, the government intends to seek an upward adjustment, pursuant to U.S.S.G. § 3C1.1, for

obstruction of justice, and also to argue for an upward deviation pursuant to 18 U.S.C. § 3553.

Since the handwriting exemplar is relevant to sentencing, and no Fourth Amendment search is implicated by its compulsion, there is no legitimate basis for this Court to deny the government's request for an Order compelling the defendant to provide the handwriting exemplar. Since the sentencing is scheduled for March 30, 2006, the government requests that the Court issue an Order as soon as possible in this matter.

                                 Respectfully submitted,

                                 MICHAEL J. SULLIVAN,

                                 United States Attorney,

                                 s/ PETER K. LEVITT
                         By: PETER K. LEVITT
                                 Assistant U.S. Attorney

February 21, 2006