UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA** )
) 
            v.         )   CRIMINAL No. 04-10048-NG
)
**JONATHAN DELEON**         )

**GOVERNMENT'S RESPONSE TO DEFENDANT DELEON'S SENTENCING MEMORANDUM**

The government is in receipt of defendant Deleon's Sentencing Memorandum, which in large part does nothing more than attack the government because the government has taken the position that Deleon should receive the same sentence that the Court previously issued with respect to co-defendant Carmelo Rodriguez.

Deleon's response contains much invective but little substance.  The parties and the Court would also have been better served if the substantial exhibits that were appended to the Sentencing Memorandum as served had been reviewed. The government does not intend to respond to every point but merely wishes to advise the court of certain facts.

1.   Timing of the government's brief. The suggestion that the government waited until defense counsel was on vacation to file its memorandum is just baseless.  The government filed its memorandum early so that both counsel would have access to it. The undersigned also sent Deleon's counsel a courtesy copy by email on the day it was filed precisely because it was aware that

defense counsel (who had pushed to hold the hearing this week) would have access to it.

    2.  <u>Availability of all exhibits.</u>  The suggestion that the government withheld exhibits is also just wrong.  Pending resolution of the protective order, the government offered to send defense counsel the exhibits immediately (twice), so long as defense counsel  agreed to hold on to the exhibits until the motion was acted upon.  The government never received a response, with Deleon apparently content instead to wait and use the pendency of the motion for tactical reasons.

    3.  <u>Information regarding Carmelo Rodriguez' address at the time of "the flush."</u>  The claim that Deleon and Carmelo were living together as of the time of Carmelo's "flush" and that this was withheld by the government is also contradicted by the record.  The PSRs in this case show that Carmelo was living at an address with family members during the relevant time (December, 2003) and that Deleon reported that he was living at another address.  The government didn't withhold anything.  If Deleon is now claiming that he was living with Carmelo at the time of his January, 2004 arrest, he never disclosed it the Probation Office.

    4.  <u>The handwriting analysis</u>. The suggestion that the government withheld from the Court the results of the handwriting is mystifying.  In fact, it is attached to the memorandum as Exhibit 19 (and was disclosed to defense the day it was

received).  It was also explicitly referenced in the sentencing memorandum.  <u>See</u> Sentencing Memorandum at 10 ("a handwriting analysis was unable to determine if Deleon actually wrote the letter").  Other exhibits that the defendant claims he has never received were also attached to the memorandum served on him 10 days ago.  <u>See also</u> Response at 3 (complaining that exhibits 13 and 14 were never served on defense counsel; in fact they were).

    5.  <u>It is for the court to determine the drug weight</u>.  The balance of the memorandum attacks the government's evidence in support of its conservative drug weight request (500 grams for both defendants).  That determination is for the court.  While it would have been helpful if the defendant had kept careful books and records so that the Court could establish the precise amount of drugs that these defendants were selling with scientific certainty, he didn't.  Nor was he obligated or expected to in what everyone recognizes is a secret world of narcotics trafficking.  Therefore, this (and every other) Court is forced make drug weight determinations based on the evidence in the record and reasonable inferences derived from it.  The "conservative" principles that apply to drug weight calculations under the sentencing guidelines (to the extent they remain applicable here) do not mean that the Court is precluded from making such reasonable inferences or is required to leave common sense at the door. <u>See</u> <u>United States v. Fenton</u>, 1998 WL 769778 *4

(2nd Cir. 1998)("If the kind of reasonable inferences made by the district court here were not permissible... it is unclear how those convicted of drug conspiracies could ever be sentenced....").

The government has tailored the information in this memorandum so that no sealing order is required.

                        Respectfully submitted,

                        MICHAEL J. SULLIVAN
                        United States Attorney

                  By:<u>/S John A. Wortmann, Jr.</u>
                      JOHN A. WORTMANN, JR.
                      Assistant U.S. Attorney
                      One Courthouse Way
                      Boston. MA 02210
                      (617) 748-3207