1

1          UNITED STATES DISTRICT COURT

2        FOR THE DISTRICT OF MASSACHUSETTS

3

4

5   UNITED STATES          )    CR. NO. 04-10048-NG

6   VS.                    )    COURTROOM NO. 2

7   JONATHAN DELEON        )    1 COURTHOUSE WAY

8                               BOSTON, MA  02210

9

10

11              FINDINGS OF FACT

12               MAY 23, 2006

13                3:30 P.M.

14

15

16

17

18      BEFORE THE HONORABLE NANCY GERTNER

19     UNITED STATES DISTRICT COURT JUDGE

20

21

22

23

24            VALERIE A. O'HARA

25          OFFICIAL COURT REPORTER

2

1    A P P E A R A N C E S:

2         United States Attorney's Office, by JOHN A. WORTMANN,
     JR., ASSISTANT UNITED STATES ATTORNEY, One Courthouse Way,
3    Suite 9200, Boston, Massachusetts  02210, for the United
     States;

4
          Krasnoo Klehm, LLP, by JAMES B. KRASNOO, ESQ., 23 Main
5    Street, Andover, Massachusetts  01810, for the Defendant.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1          THE COURT:   Mr. Deleon, you know, I've read

2     everything, and I regard sentencing decisions as the

3     absolute hardest thing I have to do as a judge, absolute

4     hardest thing.  Nothing else compares because I understand

5     not as well as you, but I understand what it's like to be in

6     jail.  You know, I'm not someone who's never been in the

7     prisons of Massachusetts, I've been in all the prisons of

8     Massachusetts representing clients.  I know what it's like,

9     at least what's been reported to me.  I don't regard it as

10    an easy thing to do.  I understand what kind of pressures

11    you must be under given where you've come from and given

12    your friends and given the Latin King affiliation, I know

13    that very well.

14          I do think that it's an odd thing to say, but in

15    one sense, this could be a good thing for you to get you off

16    the life you were headed for and maybe even worse.  It's not

17    a bad thing to have happened to you at this young age.  I

18    will sentence you to 60 months on all of the counts

19    concurrent, on each count to be served concurrently.

20          I'm going to recommend that you're in the 500-hour

21    residential drug abuse program, and when you're in that,

22    Mr. Krasnoo, you'll let me know if the Bureau of Prisons

23    doesn't adopt this recommendation.  They let me know, but

24    sometimes not as quickly as they'll let you know or the

25    defendant.  You actually get time off your sentence if you

4

1  participate in that.

2         I'm going to recommend that in the facility that

3  you're in, you also participate in anger management

4  counseling.  I'll place you on supervised release for a term

5  of five years, also concurrently on each count.  That's a

6  hard thing.  Some people refer longer terms of imprisonment

7  and a lesser term of supervised release.  That means you're

8  going to be monitored when you leave, but it means that you

9  then are forced to do things that you might not otherwise

10  do, get a job, get counseling, get education, and it means

11  that while you're on supervised release, you also then have

12  the services of a probation department at your disposal, but

13  you don't have that if you walk out on the street.

14         So, supervised release for five years.  When

15  you're released from prison, you're to report to the

16  district into which you've been released, which is within 72

17  hours of your release.  You're not to commit another

18  federal, state or local crime or illegally possess a

19  controlled substance.  Refrain from any unlawful use of a

20  controlled substance.  We will test you within 15 days of

21  your release from imprisonment and two periodic drug tests

22  thereafter not to exceed 104 tests per year.

23         You're to comply with the standard conditions.

24  You're prohibited from possessing a firearm or other

25  dangerous weapon, and, again, you will be participating in

5

1   both an anger management program and a substance abuse

2   program when you are released from prison.  There is a

3   special assessment of $200, which is due immediately.  You

4   have a right to appeal.  Your lawyer will let you know what

5   that consists of.

6          To some degree the story of your case was written

7   before you stood up before me in terms of what happened to

8   the co-defendants.  This is a guideline sentence, this is a

9   mandatory minimum sentence, and I think it's a fair sentence

10  as well.  You have a right to appeal.  Your lawyer will let

11  you know what that consists of.  Thank you.

12                              - - - -

13

14

15

16

17

18

19

20

21

22

23

24

25